UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONRICO DENHAM,

        Plaintiff,

v.                                      CASE NO. 2:18-CV-11769
                                       HONORABLE VICTORIA A. ROBERTS

DIANA McKISSICK,

        Defendant.
_____/

**OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT [7],
REINSTATING DERVE, McGINNES, DUNCAN, THOMAS, KURTK,
AND SMITH AS DEFENDANTS, AND DIRECTING SERVICE OF THE
COMPLAINT ON THE REINSTATED DEFENDANTS**

**I. Introduction**

This matter came before the Court on a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff Ronrico Denham is a state prisoner at the Woodland Center Correctional Facility in Whitmore Lake, Michigan. The defendants named in his initial complaint were a physician's assistant named Diana McKissick and several registered nurses employed by Corizon Healthcare at the Macomb Correctional Facility in New Haven, Michigan. The partially identified registered nurses were listed as FNU Derve, FNU McGinnes, FNU Duncan, FNU Thomas, FNU Kurtk,[1] and FNU Smith.

---

[1] In his initial complaint and amended complaint, Plaintiff spells this nurse's name as "Kurtk." In Attachment D to Plaintiff's amended complaint, he refers to this nurse as "Krik," "Kurt" and "Kirk." The Court is using the spelling "Kurtk," as set forth in Plaintiff's list of defendants in the amended complaint. *See* Amended Compl., ECF No. 7, PageID. 85.

Plaintiff alleged in his complaint that he is a mentally ill inmate who has been diagnosed with hypothyroidism and that the defendants were deliberately indifferent to his serious medical needs while he was confined at the Macomb Correctional Facility in the latter part of 2017. More specifically, Plaintiff asserted that, on or about August 2, 2017, he was transferred to the Macomb Correctional Facility and then stopped receiving his psychiatric and thyroid medications in a routine and adequate manner. According to Plaintiff, this caused body aches, muscle pains, crying spells, nausea, and chills. He sought money damages on the basis that the defendants had violated his Eighth Amendment right not to be subjected to cruel and unusual punishment.

On July 19, 2018, the Court dismissed defendants Derve, McGinnes, Duncan, Thomas, Kurtk, and Smith from this case on the ground that Plaintiff's allegations about those defendants were conclusory and that Plaintiff had failed to allege what those defendants did, or failed to do, to cause him to suffer physically and mentally. In the same order, the Court directed service of the complaint on defendant McKissick. Now before the Court is Plaintiff's objection to the Court's order of partial dismissal and his motion to amend the complaint.

## II. Discussion

Federal Rule of Civil Procedure 15 permits parties to amend their pleadings "once as a matter of course within 21 days after serving it," and in all other cases, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(1)(A) and (a)(2). "Rule 15 sets a liberal policy in favor of permitting parties to amend their pleadings. . . ." *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017), *reh'g denied* April 6, 2017. "[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to

2

dismissal under the [Prison Litigation Reform Act of 1996]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Plaintiff is entitled to amend his initial complaint as a matter of course because it does not appear from the docket that the complaint has been served. Furthermore, in an attachment to Plaintiff's amended complaint, he attempts to set forth the dates on which he did and did not receive his thyroid medication. *See* Amended Compl., Attachment D, ECF No. 7, PageID. 109-18. Although the facts in the attachment are difficult to decipher due to Plaintiff's poor punctuation and run-on sentences, the attachment does indicate that, on some dates Plaintiff received his medication and on other dates, he did not receive the medication, or he received the medication too soon before "chow" to allow the medication to take effect. The attachment also indicates that nurses Derve, McGinnes, Duncan, Thomas, Kurtk, and Smith were, from time to time, involved in dispensing, or failing to dispense, Plaintiff's thyroid medication.

The Court concludes that Plaintiff's amended complaint and its attachments state a plausible claim for relief against nurses Derve, McGinnes, Duncan, Thomas, Kurtk, and Smith. Accordingly, the Court grants Plaintiff's motion to amend his complaint (ECF No. 7) and reinstates as defendants registered nurses Derve, McGinnes, Duncan, Thomas, Kurtk, and Smith.

The Court orders the United States Marshal to attempt service of the amended complaint, which is attached to Plaintiff's motion to amend (ECF No. 7), on registered nurses Derve, McGinnes, Duncan, Thomas, Kurtk, and Smith at the Macomb Correctional Facility in New Haven, Michigan without prepayment of the fees and costs for such service. The Marshal may

3

collect the usual and customary costs from Plaintiff after effecting service.

                                                                              S/Victoria A. Roberts
                                                                              VICTORIA A. ROBERTS
Dated: August 23, 2018                     United States District Judge