UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONRICO DENHAM,

    Plaintiff,

v.

    Case No. 2:18-CV-11769
    District Judge Victoria A. Roberts
    Magistrate Judge Elizabeth A. Stafford

DIANA McKISSICK, ET AL.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### I.    INTRODUCTION

Ronrico Denham ("Denham"), a *pro se* Michigan prisoner, filed this civil rights action under 42 U.S.C. § 1983.

Denham says that on August 2, 2017, he was transferred from the Woodland Center Correctional Facility in Whitmore Lake, Michigan ("WCC"), to the Macomb Correctional Facility in New Haven, Michigan ("MRF"). Denham appears to have been released from prison on parole on December 4, 2018.

Denham was a prisoner at WCC when he filed this suit. He seeks injunctive relief and monetary damages; he says Defendants violated his Eighth Amendment rights to medical treatment, and subjected him to cruel and unusual punishment at MRF.

In their motion for partial summary judgment, Defendants say they are entitled to summary judgment on all but Denham's one exhausted claim against Defendant Duncan (MRF-17-09-1403-12E).

The motion is **GRANTED**.

1

## II. BACKGROUND

Denham, a mentally ill inmate with an underactive thyroid gland ("Hypothyroidism"), filed this action alleging a continuing pattern of deliberate indifference to his serious medical issues while he was confined at MRF in late 2017. More specifically, Denham asserts that from September 11, 2017, until January 22, 2018, he did not receive thyroid medication in a routine and adequate manner. Between those dates, Denham alleges that various Defendants were involved in his treatment. He further claims that the lack of medical attention caused him to suffer mentally, emotionally and physically.

On July 19, 2018, the Court dismissed Defendants Derve, McInnes, Duncan, Thomas, Kurtk, and Smith, reasoning that Denham's allegations against them were conclusory and that he failed to allege what those Defendants did, or failed to do, that caused him to suffer physically and mentally.

On August 23, 2018, the Court granted Denham's motion to amend his complaint, and reinstated these Defendants, concluding that Denham's amended complaint and its attachments stated a plausible claim for relief against the reinstated parties.

Attached to his amended complaint is what Denham says are several grievances that were all properly exhausted through the "prisoner/parolee grievance process." [Doc. 7, PageID. 87].

Defendants say that Denham failed to properly exhaust his administrative remedies with respect to the claims at issue, between September 11, 2017, and January 22, 2018, because he did not timely file several grievances through the Step III appeal. Defendants say that Denham only exhausted a handful of those claims between those dates and only against Defendant Duncan.

2

On March 19, 2019, the Court asked Defendants for supplemental briefing to assist it in determining which grievances were properly exhausted.

In their supplemental brief, Defendants do not dispute that Denham exhausted the grievance identified as MRF-17-09-1403-12E, in which he claims that Defendant Duncan failed to administer thyroid medication on September 11, 12, 13, 14, and 15, 2017.

Before the Court is Defendants' motion for partial summary judgment for failure to exhaust grievances on all other dates Denham says are at issue. The Defendants also ask the Court to dismiss Defendant McInnis for failure to allege that she did not properly administer Denham's medication September 11-15, 2017.

### III. STANDARD OF REVIEW

Summary Judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden to demonstrate the basis for its motion and identify portions of the record that show an absence of a genuine issue of fact. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Once that burden is met, the non-moving party must set forth specific facts that present a "genuine issue for trial." *Id.*

The existence of a mere scintilla of evidence to support a plaintiff's position will not suffice; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Parties must support assertions of fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers,

3

or other materials." Fed. R. Civ. P. 56(c)(1).

It is the plaintiff's burden to demonstrate exhaustion of administrative remedies with regard to each claim, by either attaching copies of pertinent documents or by describing with particularity the administrative steps he took and responses he received in the process. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), cert. denied, 531 U.S. 1040, 121 S. Ct. 634, 148 L. Ed. 2d 542 (2000). Unless the record demonstrates that the requirements of § 1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id. See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) (Dismissal is appropriate when the court has given the plaintiff an opportunity to demonstrate exhaustion of administrative remedies and he has failed to do so). Moreover, the Sixth Circuit has also required that compliance with the statute requires that "a prisoner file a grievance against the person he ultimately seeks to sue." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *see also Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir. 1999).

### IV. DISCUSSION

#### A. Named Defendants

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

4

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prevail on a claim under § 1983, this plaintiff must prove two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). The United States Court of Appeals for the Sixth Circuit

> has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right. *See, e.g., Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986). [The Sixth Circuit] has adopted the requirement that a plaintiff allege "with particularity" all material facts to be relied upon when asserting that a governmental official has violated a constitutional right. *Elliott v. Perez,* 751 F.2d 1472, 1483 (5th Cir.1985); *see also Dominque v. Telb,* 831 F.2d 673, 676 (6th Cir.1987).

*Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834, 842 (6th Cir. 2002).

Defendants do not dispute that Denham exhausted the grievance identified as MRF-17-09-1403-12E. There he claims that Defendant Duncan failed to administer thyroid medication on September 11, 12, 13, 14, and 15, 2017.

While Defendants Duncan and McInnis are the only represented defendants, they say that summary judgment is appropriate on Denham's unexhausted claims against the other Defendants[1] for not appropriately administering thyroid medication from September 18, 2017, until January 22, 2018. The Court agrees.

Finally, Defendant McInnes argues that Denham did not make specific allegations

---

[1] Namely, Defendants Derve, Thomas, Kurtk, and Smith.

5

against her to show that she did not properly administer his medication September 11 - 15, 2017. She also contends that Denham did not properly exhaust any claims against her. The Court agrees: Denham's amended complaint does not have specific allegations against Defendant McInnes for those dates.

**B.     Exhaustion of Administrative Remedies**

**1.     Legal Principles**

Pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1997e(a) must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 733, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process within deadlines and other applicable procedural rules. *See Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

Michigan Department of Correction ("MDOC") Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures for prisoners in MDOC custody

at the time relevant to this complaint. It requires inmates to first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. [Doc. 17-3 at ¶ P]. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. [Doc. 17-3 at ¶¶ T, DD]. The respondent at Step II is designated by the policy, *e.g.*, the regional health administrator for medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. Time limitations must be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been

approved ...." *Id.* at ¶ HH.

**2.    Purpose of Exhaustion Requirement**

The Supreme Court defines proper exhaustion under 42 U.S.C. § 1997e(a) as "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, quoting, *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 89. The Supreme Court also observed that "[t]he PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93, quoting, *Porter*, 534 U.S. at 525. Exhaustion serves a dual purpose: it gives prisoners "an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Id.* at 94. Additionally, the exhaustion requirement "has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones*, 549 U.S. at 204-205.

**3.    Denham's Administrative Grievances**

Denham submits the following grievances with his amended complaint: MRF-17-12-1741-12F; MRF-17-09-1403-12E; and MRF-17-08-1224-12F. Defendants say in their supplemental filing that Denham exhausted only one grievance: MRF-17-09-1403-12E. They say grievances were rejected at the Step III appeal as untimely and their identification code were changed to MRF-17-12-1741-28e and MRF-17-08-1224-28e, respectively.

8

Denham filed a Step I grievance (Identifier: MRF-17-08-1224-12F) on September 15, 2017, claiming that he did not receive his psychotropic medication on August 23, 2017. At Step II, Denham raised additional dates on which he allegedly did not receive these medications. This grievance was denied at Step I and again at Step II. The grievance was rejected at Step III because Denham exceeded the time limit to file a grievance per MDOC Policy Directive 03.02.130 described above. [Doc. 17-2, PageID. 214]. The Step III appeal was due October 18, 2017, but it was not received until November 17, 2017. *Id.* This is outside the ten-day period required by MDOC's grievance policy. [Doc. 17-3 at ¶ FF]. Denham did not provide any reasonable circumstances beyond his control that would have prohibited him from filing a timely grievance.

Defendants are correct: Denham failed to properly exhaust the grievance identified as MRF-17-08-1224-12F.

Finally, Denham filed a Step I grievance (Identifier: MRF-17-12-1741-12F) on December 11, 2017, claiming that Physician Assistant McKissick told him that he did not need thyroid medication any more at a December 4, 2017 appointment. [Doc. 17-2, PageID. 29]. This grievance was denied at Step I and again at Step II. The grievance was rejected at Step III because Denham exceeded the time limit to file a grievance per MDOC Policy Directive 03.02.130 described above. [Doc. 17-2, PageID. 26]. The Step III appeal was due February 23, 2018, but it was not received until March 27, 2018. *Id.* This is outside the ten-day period required by MDOC's grievance policy. [Doc. 17-3 at ¶ FF]. Denham did not provide any reasonable circumstances beyond his control that would have prohibited him from filing a timely grievance. [Doc. 17-2, PageID. 27]. Consequently, Denham failed to properly exhaust the grievance identified as MRF-17-12-1741-12F.

The Court concludes that Denham properly exhausted only the grievance identified as MRF-17-09-1403-12E against Defendant Duncan for failure to properly administer thyroid medication September 11 - 15, 2017.

**C. Relief Requested**

Denham seeks injunctive relief and monetary damages. However, because Denham was released from prison on parole on December 4, 2018, his claim for prospective injunctive relief is moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (To the extent that an inmate seeks declaratory and injunctive relief his claims become moot when he is no longer confined to the institution that allegedly violated his Constitutional rights); *see also Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003).

Denham's claim for monetary damages on his exhausted claim can go forward.

## V.     CONCLUSION

Defendants' motion for partial summary judgment is **GRANTED**. Claims pertaining to the grievance report identified as MRF-17-09-1403-12E against Defendant Duncan can go forward. The grievance reports identified as MRF-17-12-1741-28e, MRF-17-08-1224-28e, and MRF-18-01-0025-28e against reinstated Defendants Derve, Thomas, Kurtk, and Smith are **DISMISSED** for failure to exhaust. The grievance report identified as MRF-17-12-1729-17A is **DISMISSED** for failure to raise any allegation at issue in the complaint. Finally, Defendant McInnes is **DISMISSED** because of McKissick failed to allege that she did not properly administer Denham's medication on September 11 - 15, 2017.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: April 30, 2019